IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Melvin Chappell Jr.<br>Charlene D. Grace-Chappell<br>      Debtors | | CHAPTER 13 |
| Pacific Union Financial, LLC<br>      Movant<br>vs. | | NO. 16-17021 MDC |
| Melvin Chappell Jr.<br>Charlene D. Grace-Chappell<br>      Debtors | | 11 U.S.C. Section 362 |
| William C. Miller Esq.<br>      Trustee | | |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1.  The post-petition arrearage on the mortgage held by the Movant on the Debtors' residence is **$16,742.57** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | November 2016 through March 2018 at $924.21/month |
| Fees & Costs Relating to Motion: | $1,031.00 |
| **Total Post-Petition Arrears** | **$16,742.57** |

2.  The Debtors shall cure said arrearages in the following manner:

    a). Within seven (7) days of the filing of this Stipulation, Debtors shall file an Amended Chapter 13 Plan to include the post-petition arrears of **$16,742.57**.

    b). Movant shall file an Amended or Supplemental Proof of Claim, including filing any Motions if necessary to include the post-petition arrears of **$16,742.57** along with the pre-petition arrears;

    c). The new 410A form for a Proof of Claim shall not be required for this Amended or Supplemental Proof of Claim.

3.  Beginning with the payment due April 1, 2018 and continuing thereafter, Debtors shall pay to Movant the present regular monthly mortgage payment of $924.21 (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month).

4. Should Debtors provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

5. In the event the payments under Section 3 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtors and Debtors' attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtors should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant immediate relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3).

6. If the case is converted to Chapter 7, Movant may file a Certification of Default with the Court if and only if Movant has not yet received disbursements from the Trustee totaling $16,742.57 and/or if Debtors are not current on post-petition payments, and the Court shall enter an order granting Movant relief from the automatic stay.

7. If the instant bankruptcy is dismissed and Movant has not yet received disbursements from the Trustee totaling $16,742.57, Movant may apply the funds received and pursue the state law remedies.

8. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law for any future defaults by the Debtors.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date: March 28, 2018

By: /s/ Rebecca A. Solarz, Esquire
Rebecca A. Solarz, Esquire
Attorney for Movant

Date: 4/9/18

Roger V. Ashodian, Esquire
Attorney for Debtors

Date: 4/18/18

William C. Miller, Esquire    NO POSITION
Chapter 13 Trustee

*without prejudice to any trustee rights or remedies